IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF TEXAS - CORPUS CHRISTI DIVISION

| | |
|---|---|
| EDGAR ALANIZ, ALFREDO ALANIZ & SALVADOR LOPEZ, on behalf of THEMSELVES and all other similarly situated employees, | : CIVIL ACTION : : : : : |
| | : NO. ____ : : : : |
| Plaintiffs, | : : |
| v. | : **JURY TRIAL DEMANDED** |
| SAM KANE BEEF PROCESSORS, INC.   Defendant | : : |

## CLASS ACTION COMPLAINT

Plaintiffs Salvador Lopez, Edgar Alaniz and Alfredo Alaniz, on behalf of themselves and other similarly situated employees (hereinafter collectively referred to as (hereinafter "Plaintiffs"), brings this lawsuit against Defendant, Sam Kane Beef Processors, Inc. (hereinafter "Defendant") seeking to recover for Defendants violations of the Fair Labor Standards Act of 1938 (hereinafter "FLSA"). Plaintiffs allege, upon information and belief, except as to the allegations that pertain to the named Plaintiffs and their counsel, which are based upon personal knowledge, as follows:

### JURISDICTION AND VENUE

1.      Federal question jurisdiction is vested in this Court pursuant to 29 U.S.C. §§ 216(b), and 28 U.S.C. § 1331.

2.      Venue is proper in this District pursuant to 28 U.S.C. 1391.

## PARTIES

3. Plaintiff, Alfredo Alaniz, is a resident of 4610 Mercury Street, Corpus Christi, TX.

4. Plaintiff, Edgar Alaniz, is a resident of 4610 Mercury Street, Corpus Christi, TX.

5. Plaintiff, Salvador Lopez, is a resident of 207 Cook Street, Oden, TX 78370.

6. Defendant, a Texas, domestic for profit corporation, operates a beef processing facility located at 9001 Leopard Street, Corpus Christi, TX 78469.  Defendant regularly sells beef products within the Southern District of Texas.  Defendant is a corporation engaged in interstate commerce and in the production of goods for commerce throughout the United States.

## INTRODUCTION

7. This is a class action brought by Plaintiffs on behalf of themselves and all other similarly situated current and former production and support employees of , at their facility in Corpus Christi, Texas for the purpose of obtaining relief under Federal law for, *inter alia*, unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, and declaratory and injunctive relief.

8. Plaintiffs are employees of Defendant's Beef processing facility located in Corpus Christi, Texas.  Defendant has failed to pay Plaintiffs their minimum hourly rate of pay for all hours of work they performed in addition to overtime as required by Federal law.

9. The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, waiting to receive protective equipment and sanitize, walking to work

stations waiting for production work to begin, sanitizing sanitary and safety equipment, persons and clothing, waiting in line to sanitize their persons, protective equipment and work tools, time spent sharpening knives, and all other activities in connection with these job functions, before and after paid time, and during both paid breaks and unpaid lunch breaks.

10. The workers are directly employed by Defendant, are paid an hourly wage and are not exempt from the wage and hour requirements set forth in the FLSA

11. Plaintiffs, were employed by Defendant as employees in its Corpus Christi, PA facility as processing line workers.

12. Plaintiffs were paid an hourly wage and was not exempt from the wage and hour requirements set forth in the FLSA

13. Plaintiffs were required to don and doff various clothing, gear and protective equipment, sanitize persons and equipment, sharpen knives, and wait in lines after the continuous work day's first principal activity, all of which was an integral and indispensable part of the principal activities for which she was employed.

14. At the beginning of the work day, before and after paid and unpaid breaks, and at the conclusion of the work day, Plaintiffs were required to sanitize their persons, and various pieces of protective equipment and gear.

15. Plaintiffs were not paid for all of their pre-production line, pre break, post break and post production line work, including *inter alia*, time spent waiting to pick up their clothing/gear/equipment, donning their clothing/gear/equipment, sanitizing their hands/gear/equipment, traveling to their work station, waiting at their work stations for production to begin

## COLLECTIVE CLASS ACTION ALLEGATIONS

16. Plaintiffs bring their FLSA claim pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following opt in litigants:

All individuals employed by Defendant in Texas since August 10, 2004

17. Plaintiffs and the above class members are "similarly situated" as that term is defined in 29 U.S.C. § 216(b), because, *inter alia*, all class members worked pursuant to Defendant's common business practices and, as a result of such practices, were not compensated for all work performed during the workday and, with respect to such work, were not paid the legally mandated overtime premium.

18. Class certification is appropriate under FRCP 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of other class members.

19. Class certification is appropriate under FRCP 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the class, making appropriate declaratory and injunctive relief with respect to the Plaintiffs and the class as a whole. Class members are entitled to injunctive relief to end Defendant's common business practices of *inter alia*, failing to compensate class members for all hours worked and with respect to such hours, failing to pay class members the legally mandated overtime premium.

20. Class certification is appropriate under FRCP 23(b)(2) because 23(b)(3) because common questions of law and fact predominate over any questions affecting only

individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The damages suffered by individual class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because, *inter alia*, it will obviate the need for unduly duplicative litigation, which might result in inconsistent judgments about Defendant's business practices.

21.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation and preclude its maintenance as a class action.

22.     Plaintiffs will fairly and adequately protect the interests of the Class members. Plaintiffs have retained counsel competent and experienced in complex class action wage and hour litigation.

23.     Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members.  Among the questions of law and fact common to Plaintiffs and the Class are:

    a.  Whether the work performed by Plaintiffs and the Class is included in the type of work Defendant employed Plaintiffs and the Class to perform;

    b.  Whether the work performed by Plaintiffs and the Class is compensable under Federal law;

    c.  Whether Defendant has engaged in a pattern and/or practice of forcing, coercing, and/or permitting Plaintiffs and the Class to perform work for Defendant's benefit which was not compensated;

  d.  Whether Defendant has engaged in a pattern and/or practice of disciplining or retaliating against Plaintiffs and the Class for not performing certain work without being compensated;

  e.  Whether Defendant has failed to permit meal and rest periods as required by Texas law, other applicable regulations, and/or Defendant's stated policies;

  f.  Whether Defendant has failed to properly compensate Plaintiffs and the Class in connection with interruptions to their meal or rest periods;

  g.  Whether Defendant failed to pay Plaintiffs and the Class for all of the work Defendant required them to perform;

  h.  The nature and extent of class-wide injury and the measure of damages for the injury.

## COUNT I

### (Violation of the FLSA)

24. All previous paragraphs are incorporated as though fully set forth hereunder.

25. The FLSA requires that covered employees be payed for every hour worked in a work week.  *See* 29 U.S.C. § 206(b).

26. The FLSA requires that covered employees receive overtime compensation not less than one half times the employees regular rate of pay for all hours worked over 40 hours in a work week.  *See* 29 U.S.C. § 207(a)(1).

27. Plaintiffs and the class are covered employees entitled to the FLSA's protections.

28. Plaintiffs and the class are not exempt from receiving FLSA overtime benefits because *inter alia* they are not executive, administrative, or professional employees as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, *et seq*.

29. Defendant is a covered employer required to comply with the FLSA's mandates.

30. Defendant has violated the FLSA with respect to the Plaintiffs and the class by, *inter alia*, failing to compensate Plaintiffs and the class for all hours worked and, with respect to such hours, failing to pay Plaintiff and the class the legally mandated overtime premium for such work.

31. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against the Defendants, jointly, separately or severally as follows:

1. That this action may proceed as a class action pursuant to 29 U.S.C. § 216(b), and as a class action pursuant to FRCP 23;

2. Prompt notice, pursuant to 29 U.S.C. § 216(b) of this litigation to all potential class members;

3. An injunction prohibiting Defendant from engaging in future violations of the FLSA;

4. Compensatory and back pay damages to the fullest extent permitted under Federal Law;

5. Liquidated damages to the fullest extent permitted under Federal Law;

6. Litigation costs, expenses and attorneys' fees to the fullest extent permitted under Federal law.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

Respectfully submitted,

_____
PHILIP A. DOWNEY, ESQUIRE
Attorney I.D. No. 81603
P.O. Box 736
Unionville, PA 19375
Phone: (610) 324-2848
Facsimile: (610) 347-2507
**Attorney-in-Charge for Plaintiffs**

Date: August 10, 2006