UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALANIZ, et al.<br>　　　Plaintiffs | §<br>§<br>§ | |
| v. | § | Civ. No. CC-07-335 |
| SAM KANE BEEF PROCESSORS, INC.,<br>　　　Defendant | §<br>§<br>§<br>§ | |

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

Pending before the Court is defendant's motion for a preliminary injunction. (D.E. 23) For the reasons discussed below, the Court GRANTS a temporary restraining order.

Plaintiffs bring a collective action suit under the Fair Labor Standards Act of 1938 (FLSA), on behalf of themselves and all similarly situated individuals employed by defendant in Texas since August 10, 2004. 29 U.S.C. § 216(b). The Court has not yet certified a class in this action.

Since initiating this action, plaintiffs have circulated flyers, aired radio announcements and sponsored billboards regarding the suit. These communications explain the general nature of the suit as seeking payment for time spent donning and doffing protective gear, sanitizing equipment and performing other necessary tasks. The announcements placed by counsel for plaintiffs contain no reference to the relevant statute of limitations period in this action. They address all current and former hourly employees of defendant.

1

Defendant requests that the Court enjoin plaintiff's communications with potential class members as misleading. The Court construes plaintiff's failure to appear for the hearing on the matter as a default justifying grant of the requested relief. More importantly, having considered both sides' briefs on this motion, the Court finds a temporary restraining order appropriate in this case.

District courts have "both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 101 S.Ct. 2193, 2200 (1981). Nonetheless, due to First Amendment concerns implicated in restriction of communication with potential class members, courts must balance the need for limitations with the potential interference with the rights of parties. *Id.* at 2200. Courts have restricted communications with absent or potential class members when the communications were "misleading, coercive, or an improper attempt to undermine Rule 23." *Belt v. Emcare, Inc.*, 299 F.Supp.2d 664, 667 (E.D.Tx. 2003) (collecting cases).

Suits for back-pay under the FLSA are governed by a two- or (in the case of willful violation) three-year statute of limitations, 29 U.S.C. §255(a), whereas plaintiffs' announcements contain no time restriction. These communications are overbroad. They create the misimpression that *any* current or former employee of defendant is eligible to participate in the litigation. They threaten to disrupt defendant's workforce. These misleading announcements create false expectations for those ineligible to sue and possibly burdening the Court with meritless suits.

While plaintiffs' counsel certainly has an interest in reaching potential plaintiffs, misleading commercial speech is not constitutionally protected. *Central Hudson Gas & Elec. Corp.*, 100 S.Ct. 2343, 2350 (1980). Further, upon the Court's certification decision, counsel for plaintiffs will be able to communicate freely with all eligible potential plaintiffs, minimizing the burden of this temporary restraint.

IT IS, THEREFORE, ORDERED that plaintiffs and their counsel shall immediately cease and desist from mailing, distributing or communicating through radio or other media, the communications attached as Exhibits "A" and "D" to defendant's Motion for Preliminary Injunction. (D.E. 23).

IT IS FURTHER ORDERED that plaintiffs and their counsel shall immediately remove any copies of Exhibit A from all locations where such documents have been posted or left for distribution.

IT IS FURTHER ORDERED that plaintiffs and their counsel shall arrange the removal or covering of billboards soliciting potential plaintiffs in this matter without reference to the dates of their employment.

Plaintiffs may request relief from this injunction. The parties have consented to extending the effect of this order until the hearing on class certification. FED.R.CIV.P. 64(b).

So ORDERED this 4th day of December, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE